Alexander B. Boris, Esq., SBN 313195
**JAVAHERI & YAHOUDAI, APLC.**
A Professional Law Corporation
1880 Century Park East, Suite 717
Los Angeles, California 90067
Telephone: (310) 407-0766
Facsimile: (310) 407-0767
Email: alex@jnylaw.com
eService: teamab@jnylaw.com

Attorneys for Plaintiff, SCOTT L. KUYKENDALL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – GEORGE E. BROWN JR., FEDERAL BUILDING

| | |
|---|---|
| SCOTT L. KUYKENDALL, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, an Individual; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1. **PREMISES LIABILITY**<br><br>2. **GENERAL NEGLIGENCE**<br><br>[DEMAND FOR JURY TRIAL] |

COMES NOW, Plaintiff, SCOTT L. KUYKENDALL, ("Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim took place in this district.

3. On August 10, 2021, Plaintiff, SCOTT L. KUYKENDALL ("Plaintiff"), presented a claim for injury under the Federal Tort Claims Act to the UNITED STATES

POSTAL SERVICE ("USPS"), which was duly received and acknowledged by their Office. Attached hereto and marked as **("Exhibit 1")** is a true and correct copy of Plaintiff's claim.

4. Plaintiff, by and through his attorneys of records JAVAHERI & YAHOUDAI, APLC., received correspondence dated August 27, 2021, from the UNITED STATES POSTAL SERVICE Tort Claims Investigation Dept., acknowledging receipt of Plaintiff's formal claim. Attached hereto and marked as **("Exhibit 2")** is a true and correct copy of said correspondence.

5. The claims against the public entities are exempt from any immunity pursuant to the Federal Tort Claims Act.

6. To date, there has been no adjudication of Plaintiff's claim.

## **PARTIES**

7. SCOTT L. KUYKENDALL, an individual, was and/or is residing in Big Bear, California 92314.

8. Plaintiff is informed and believes, and thereon alleges, that the UNITED STATES POSTAL SERVICE, ("USPS") was at all times mentioned herein, is an independent agency of the executive branch of the United States Federal Government conducting business in the County of San Bernardino, State of California, located at 120 W. Country Club Blvd., Big Bear, CA 92314.

9. Plaintiff does not know the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 to 50, inclusive. Plaintiff is informed and believes, and alleges thereon, that each of those Defendants were legally responsible for the occurrences alleged in this complaint and for Plaintiff's damages.

10. At all times mentioned herein, the accident subject to this action occurred at and/or near 120 W. Country Club Blvd., Big Bear, CA 92314, ("Subject Location").

11. The true names and capacities of DOES 1 to 50 Inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will amend this Complaint when such names have been

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages as alleged were proximately caused by their conduct. The known Defendants and DOE Defendants will collectively be referred to as ("Defendants").

12. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants at all relevant times were the agents, employees, servants, joint ventures, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining Defendants. That the Defendants, in doing the things alleged, were acting within the course and scope of such relationship and are responsible in some manner for the occurrences alleged and, as a proximate cause, of Plaintiff's damages as alleged.

13. Plaintiff is informed and believes, and thereon alleges, that Defendants committed other wrongful acts or omissions of which Plaintiff is presently unaware. Such acts are ongoing and will continue after the filing of this action. Plaintiff will seek leave of the Court to amend this Complaint when Plaintiff discovers these other acts and/or omissions of such Defendants.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

15. On December 5, 2019, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants ("USPS") and each of them, located at 120 W. Country Club Blvd., Big Bear, CA 92314. At the time of the subject accident, Plaintiff was exiting the post office when he violently slipped and fell on ice that had frozen in an area of high pedestrian traffic resulting in Plaintiff's serious injuries and related damages.

16. At said premises, Defendants, and each of them, and DOES 1 to 50, inclusive, so negligently, willfully, carelessly, recklessly, and unlawfully, owned, possessed, maintained, operated, supervised, managed, controlled, designated, constructed, assembled, installed, inspected and serviced said premises so as to proximately cause, permit and allow the same to be in a dangerous, and unsafe condition.

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

17. Said condition existed prior to and at the time of Plaintiff's accident herein. Defendants knew prior to Plaintiff's accident that the dangerous condition existed and failed to notify Plaintiff and other invited guests of the dangerous condition or in the alternative, guard against said dangerous condition.

18. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

19. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

20. At the time of said accident/injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION

### (For Premises Liability Against All Defendants)

### [Against Defendants and DOES 1 to 50, Inclusive]

21. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

22. At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the premises at the ("USPS") located at 120 W. Country Club Blvd., Big Bear, CA 92314, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

23. On December 5, 2019, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants ("USPS") and each of them, located at 120 W. Country Club Blvd., Big Bear, CA 92314. At the time of the subject accident, Plaintiff was exiting the post office when he violently slipped and fell on ice that had frozen in an area of high pedestrian traffic resulting in Plaintiff's serious injuries and related damages.

24. Plaintiff alleges that Defendants had a duty to inspect their premises to ensure that non dangerous conditions existed that would expose their customers to injuries. Defendants failed to inspect and notify Plaintiff and other postal customers of the dangerous condition which was transparent and not visible to Plaintiff and other invited customers.

25. At said premises, Defendants, and each of them, and DOES 1 to 50, inclusive, so negligently, willfully, carelessly, recklessly, and unlawfully, owned, possessed, maintained, operated, supervised, managed, controlled, designated, constructed, assembled, installed, inspected and serviced said premises so as to proximately cause, permit and allow the same to be in a dangerous, and unsafe condition.

26. Said condition existed prior to and at the time of Plaintiff's accident. Defendants knew that the dangerous condition existed and failed to notify Plaintiff and other invited guests of the dangerous condition or in the alternative, guard against said dangerous condition.

27. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

28. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

29. At the time of said accident/injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason

PLAINTIFF'S COMPLAINT FOR DAMAGES

of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (For Negligence Against All Defendants)

### [Against Defendants and DOES 1 to 50, Inclusive]

30. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

31. At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the ("USPS") located at 120 W. Country Club Blvd., Big Bear, CA 92314, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

32. Plaintiff is informed and believes, and hereon alleges, that he was further injured due to the negligent acts or omissions by the agents, representatives or employees of Defendants, and each of them.

33. Plaintiff is informed and believes, and hereon alleges, that at all relevant times Defendants, and each of them, owed Plaintiff and other invited guests a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

34. On December 5, 2019, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants ("USPS") and each of them, located at 120 W. Country Club Blvd., Big Bear, CA 92314. At the time of the subject accident, Plaintiff was exiting the post office when he violently slipped and fell on ice that had frozen in an area of high pedestrian traffic resulting in Plaintiff's serious injuries and related damages.

35. Plaintiff alleges that Defendants negligently failed to act to ensure that their immediate high pedestrian traffic areas where free of ice or any other dangerous condition that existed within their premises that would pose an immediate risk of harm/injury to Plaintiff and other

PLAINTIFF'S COMPLAINT FOR DAMAGES

invited customers. Defendants' negligent failure to act was a direct contributing factor in causing Plaintiff's injuries and related damages.

36. Plaintiff alleges that Defendants had direct notice of the dangerous condition but did nothing to correct it or in the alternative warn Plaintiff and other invited customers of the dangerous condition.

37. Defendants and each of them breached their duty of care to Plaintiff to maintain their premises free of any hazardous and dangerous conditions that exposed Plaintiff and other invited guests to injury. Defendants knew or should have known that allowing ice to freeze in an area of high pedestrian traffic created a dangerous and slippery condition which exposed Plaintiff and other invited guests to serious injury and related damages.

38. Defendants' failure to inspect their premises for dangerous conditions was a direct factor to Plaintiff's injuries and related damages.

39. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

40. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

41. At the time of said injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, SCOTT L. KUYKENDALL, prays for a judgment against all named Defendants and DOES 1 to 50, Inclusive, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For personal property damages according to proof;
4. For pre-judgment and post-judgment interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court may deem just and proper.

Dated: August 11, 2023　　　　　　　JAVAHERI & YAHOUDAI, APLC.

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　ALEXANDER B. BORIS, ESQ.
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　SCOTT L. KUYKENDALL

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 11, 2023

JAVAHERI & YAHOUDAI, APLC.

By: _____
ALEXANDER B. BORIS, ESQ.
Attorneys for Plaintiff,
SCOTT L. KUYKENDALL

EXHIBIT "1"

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

Tort Claims Coordinator
United States Postal Service
7001 S Central Ave, Room 368
Los Angeles, CA 90052

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Claimant: Scott Kuykendall
Rep: Jason Javaheri
1880 Century Park East Suite 717
Century City, CA 90067

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 02/20/1963 | Married | 12/05/2019    Thursday | 09:00 AM |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant slipped and fall on a handicap walkway in front of his local post office (120 W Country Club Blvd. Big Bear, CA 92314).

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant sustained head injury requiring 15 stitches and injuries to his left knee and wrist fracture.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | N/A |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 508,378.25 | 0.00 | 508,378.25 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] (Attorney for Claimant) | 310-407-0766 Ext. 108 | 08/10/2021 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

N/A

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No   **17. If deductible, state amount.**

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

EXHIBIT "2"



TORT CLAIMS INVESTIGATIONS
CALIFORNIA 6 DISTRICT

**UNITED STATES POSTAL SERVICE**

August 27, 2021

Jason Javaheri, Attorney at Law
Javaheri & Yahoudai, Professional Law Corp.
1880 Century Park East Suite 717
Century City, CA 90067

Re: Injury Accident
USPS Case #: 920-20-00521716A
Date of Incident: 12-05-2019
Your Client's Name: Scott Kuykendall

Dear Mr. Javaheri:

The Standard Form (SF-95), Claim for Damage, Injury, or Death has been received. In order for a Standard Form -95 to receive proper consideration, you are required to supply all material facts on the form, as they will be the basis for further action on your demand. The instructions that are listed on the reverse of the Claim for Damage, Injury or Death, SF-95, should be read before completing the form. Please also see 39 CFR 912.7 and 8 for further information.

Upon reviewing the form, and related documents, the following items need to be completed and/or corrected and resubmitted before this Form SF-95 can be processed. This office cannot legally make corrections and/or enter information:

(1) In support of a claim for personal injury, the Postal Service requires medical documentation from the attending physician, as well as doctor bills showing the date of each treatment, the treatment given, and the cost of each treatment. The doctor's records should include the following information:

- Name, age and address of patient;
- History of condition and date and history of accident as described by the patient;
- Result of x-rays and date taken;
- Diagnosis, describing character and extent of injury;
- Contributing factors, including any pre-existing condition having a bearing on the alleged injury; and
- Prognosis, including the length of time of any partial disability and extent of such disability.

(2) Claim adjusters or attorneys may not submit the claim or sign the claim form unless a copy of their Power of Attorney is attached thereto; and

(3) Acceptance of a claim is not an admission of liability on the part of the Government.

If you should need any further information or assistance, please contact me.

Sincerely,

*[signature]*

CARINA CABALLES
Tort Claims Coordinator

Enclosures
cc: Accident File

11251 RANCHO CARMEL DR #2361
SAN DIEGO, CA 92199-9334
858-674-0529 FAX 650-577-4049